*E-Filed: July 18, 2014*

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CABN 154364)
   Assistant United States Attorney
4
       150 Almaden Blvd., Suite 900
5      San Jose, California 95113
       Telephone: (408) 535-5082
6      FAX: (408) 535-5081
       claire.cormier@usdoj.gov
7
   Attorneys for Defendant and Cross-Defendant
8  United States of America

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12  ESURANCE PROPERTY AND CASUALTY    )  CASE NO. CV13-05619 HRL
    INSURANCE COMPANY,                )
13                                    )
                  Plaintiff,          )
14                                    )
       v.                             )
15                                    )  STIPULATION FOR COMPROMISE
    LAURA BANUELOS, AND DOES ONE      )  SETTLEMENT AND RELEASE AND
16  THROUGH TEN,                      )  [PROPOSED] ORDER
                                      )
17                Defendants.         )
    _____    )
18  BEVERLY MAGANA,                   )
                                      )
19             Cross-Complainant.     )
                                      )
20     v.                             )
                                      )
21  JOHN KIM and ROES 1-20, inclusive,)
                                      )
22             Cross-Defendants.      )

23       It is hereby stipulated by and between the undersigned Plaintiff Esurance Property and Casualty

24  Insurance Company ("Plaintiff") and Defendant/Cross-Complainant Beverly Magana ("Magana") and

25  Defendant/Cross-Defendant United States of America ("United States of America" or "USA"), by and

26  through their respective attorneys, as follows:

27

28

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV 13-05619 HRL

                                  1

WHEREAS, the parties wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, and which have transpired prior to the execution of this Stipulation for Compromise Settlement and Release ("Agreement");

WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all claims and potential claims that the parties may have arising out of the subject accident of January 30, 2013, including but not limited to potential claims for physical injuries, psychological injuries, past and future medical bills, past and future wage loss, and past and future pain and suffering.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, including but not limited to the Federal Bureau of Investigation, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Amounts**. The United States of America agrees to pay the sum of one thousand seven hundred dollars ($1,700.00) to Plaintiff. Magana agrees to pay the sum of two thousand nine hundred dollars ($2,900.00) to Plaintiff. These sums shall collectively be referred to as the "Settlement Amount", which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, for which Plaintiff, now has or may hereafter acquire against the United States of America or Magana. The parties acknowledge that

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV 13-05619 HRL

2

Magana's insurer previously made payments to Plaintiff and the FBI and that Magana's portion of the Settlement Amount is in addition to those previous payments.

4. **Release**. Plaintiff hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which it may have or hereafter acquire against the United States of America or Magana on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff and Magana each shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by USA's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the USA or Magana, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, the portion of attorney's fees for services rendered in connection with

Plaintiff's claim against the USA in this action shall not exceed 25 per centum of the amount of the USA's portion of the Settlement Amount.

9. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's losses and the liability of the defendants for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check**. Payment of the USA's portion of the Settlement Amount will be made by check drawn on the Treasury of the United States made payable to Morse & Associates, Attorney for Esurance. Payment of Magana's portion of the Settlement Amount will be made by check drawn on the account of Magana's insurer and will be made payable to Morse & Associates, Attorney for Esurance The checks will be mailed to Plaintiff's attorneys at the following address: Morse & Associates P.C., 1027 Brown Ave., Lafayette, CA 94549. Plaintiff agrees that Plaintiff's attorney is responsible for distributing the settlement proceeds to the Plaintiff. Plaintiff and its attorney have been informed that payment of the USA's portion of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process. Plaintiff and its attorneys will promptly provide the necessary information, including tax identification numbers, to facilitate the payment of the Settlement Amount.

12. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: July 14, 2014
MELINDA HAAG
UNITED STATES ATTORNEY

By: /s/ Claire T. Cormier
CLAIRE T. CORMIER
Assistant U.S. Attorney

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV 13-05619 HRL

Dated: July 11, 2014

By: _____
For Plaintiff, Esurance

Dated: July ___, 2014

By: _____
BEVERLY MAGANA

Approved as to form:

Dated: July 11, 2014

MORSE & ASSOCIATES

By: _____
MICHAEL S. MORSE
Attorney for Plaintiff, Esurance

Dated: July ___, 2014

PEDERSEN - LAUDERDALE

By: _____
JEFF B. ATTERBURY
Attorney for Defendant, Beverly Magana

[PROPOSED] ORDER

IT IS SO ORDERED.

DATE: _____

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV 13-05619 HRL

6

Dated: July ___, 2014

By: _____
For Plaintiff, Esurance

Dated: July 11, 2014

By: _____
BEVERLY MAGANA
Jeff Atterbury for Defendant
Beverly Magana

Approved as to form:

Dated: July ___, 2014

MORSE & ASSOCIATES

By: _____
MICHAEL S. MORSE
Attorney for Plaintiff, Esurance

Dated: July 11, 2014

PEDERSEN - LAUDERDALE

By: _____
JEFF B. ATTERBURY
Attorney for Defendant, Beverly Magana

[PROPOSED] ORDER

IT IS SO ORDERED.

DATE: July 18, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

STIPULATION OF SETTLEMENT AND [PROPOSED] ORDER
CV 13-05619 HRL

6

# EXHIBIT

# A

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  CLAIRE T. CORMIER (CABN 154364)
   Assistant United States Attorney
4
       150 Almaden Blvd., Suite 900
5      San Jose, California 95113
       Telephone: (408) 535-5082
6      FAX: (408) 535-5081
       claire.cormier@usdoj.gov
7
   Attorneys for Defendant and Cross-Defendant
8  United States of America

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                         SAN JOSE DIVISION

12 ESURANCE PROPERTY AND CASUALTY  )  CASE NO. CV13-05619 HRL
   INSURANCE COMPANY,              )
13                                 )
                Plaintiff,          )
14                                 )
       v.                           )
15                                 )  STIPULATION OF DISMISSAL
   LAURA BANUELOS, AND DOES ONE    )
16 THROUGH TEN,                    )
                                   )
17              Defendants.         )
                                   )
18 BEVERLY MAGANA,                 )
                                   )
19          Cross-Complainant.      )
                                   )
20     v.                           )
                                   )
21 JOHN KIM and ROES 1-20, inclusive,)
                                   )
22          Cross-Defendants.       )

23     The parties to this action, through their attorneys of record, hereby stipulate and agree that the
24 above-referenced action is voluntarily dismissed with prejudice pursuant to Federal Rules of Civil
25 Procedure, Rule 41(a), and pursuant to the Stipulation for Compromise Settlement and Release entered
26 into by the parties to this action.
27
28
   STIPULATION OF DISMISSAL
   CV 13-05619 HRL
                                                1

| | |
|---|---|
| 1  IT IS SO STIPULATED. | |
| 2 | Respectfully submitted, |
| 3  Dated: July ___, 2014 | MELINDA HAAG |
| 4 | UNITED STATES ATTORNEY |
| 5 | By: _____. |
| 6 | CLAIRE T. CORMIER<br>Assistant U.S. Attorney |
| 7  Dated: July ___, 2014 | |
| 8 | |
| 9 | By: _____. |
| 10 | For Plaintiff, Esurance |
| 11  Dated: July ___, 2014 | |
| 12 | |
| 13 | By: _____. |
| 14 | BEVERLY MAGANA |
| 15 | |
| 16  Approved as to form: | |
| 17  Dated: July ___, 2014 | MORSE & ASSOCIATES |
| 18 | By: _____. |
| 19 | MICHAEL S. MORSE<br>Attorney for Plaintiff, Esurance |
| 20 | |
| 21  Dated: July ___, 2014 | PEDERSEN - LAUDERDALE |
| 22 | By: _____. |
| 23 | JEFF B. ATTERBURY<br>Attorney for Defendant, Beverly Magana |

**STIPULATION OF DISMISSAL**
**CV 13-05619 HRL**

2